[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2011
JOHN LEY
CLERK

No. 11-11391
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cr-80172-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARDO GONZALEZ-VISOSO,
a.k.a. Jose Rios,
a.k.a. Bernardo Gonzalezbisoso,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 25, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Bernardo Gonzalez-Visoso appeals his 24-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that his 24-month within-guidelines sentence is procedurally and substantively unreasonable.[1] He asserts that it is procedurally unreasonable because the district court improperly treated the guidelines as presumptively reasonable and did not giving meaningful consideration to his mitigating arguments or the other 18 U.S.C. § 3553(a) factors, which was shown by the court's failure to express its reasons for the sentence it imposed. The sentence is substantively unreasonable because the district court placed unjustified reliance upon one factor, the guideline range, instead of giving adequate weight to the length of time since his aggravating felony drug trafficking convictions, the small amount of drugs involved in those convictions, and his law-abiding conduct since those offenses.

"[A] sentence may be reviewed for procedural or substantive unreasonableness." *United States v. Ellisor*, 522 F.3d 1255, 1273 (11th Cir. 2008). We review both the procedural and substantive reasonableness of a sentence for an abuse of discretion. *Id.* at 1273 n.25.

---

[1] Gonzalez-Visoso also raises the argument that the district court violated his rights under the Fifth and Sixth Amendments by imposing a guidelines enhancement based upon his prior drug trafficking convictions that were not charged in the indictment nor proved to a jury beyond a reasonable doubt. However, we have previously rejected this argument in other cases, and, therefore, it is foreclosed by our binding precedent. *See United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005).

In reviewing whether a sentence is reasonable, we must ensure, first, that the district court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). "[T]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (citation and quotation omitted). However, the district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "Rather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

We must then determine whether the sentence is substantively reasonable in light of the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2). 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of

3

the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011) (quotation omitted). The reasonableness of a sentence may be indicated when the sentence imposed is well below the statutory maximum sentence. *See Gonzalez*, 550 F.3d at 1324. Furthermore, "when the district court imposes a

4

sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

Gonzalez-Visoso's sentence is both procedurally and substantively reasonable. It is procedurally reasonable because the district court adequately expressed the factors it took into account by stating that it considered the statements of both parties, the presentence investigation report, and the § 3553(a) factors. The sentence is substantively reasonable because it is well below the statutory maximum, within the advisory guidelines range, and not greater than necessary to reflect Gonzalez-Visoso's criminal history. Since the sentence is procedurally and substantively reasonable, the district court did not err in sentencing Gonzalez-Visoso to 24 months' imprisonment. Accordingly, we affirm.

**AFFIRMED.**